# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br>     Plaintiff, <br><br>     v. <br><br> TEACHBOOK.COM LLC, <br><br>     Defendant. | Civil Action No. <br><br> Jury Trial Demanded |

**COMPLAINT SEEKING DAMAGES AND INJUNCTIVE RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN, COMMON LAW TRADEMARK INFRINGEMENT, COMMON LAW UNFAIR COMPETITION, VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, AND VIOLATION OF THE ILLINOIS TRADEMARK AND REGISTRATION ACT**

Plaintiff, Facebook, Inc., for its complaint against Defendant, Teachbook.com LLC, states as follows:

### PARTIES

1.     Plaintiff Facebook, Inc. ("Facebook") is a Delaware corporation having its principal place of business at 1601 S. California Avenue, Palo Alto, California 94304.

2.     Facebook is informed and believes, and based thereon alleges, that Defendant Teachbook.com LLC ("Teachbook") is a Delaware limited liability company located in the State of Illinois having a place of business at 910 Skokie Boulevard, Suite 200, Northbrook, Illinois 60062.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction of this action under 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. This action is filed under the United States Trademark Act

1

of July 5, 1946, as amended, 15 U.S.C. § 1501, *et seq.* (the "Lanham Act").

4.      This Court has personal jurisdiction over Defendant in that Defendant is a resident of the Northern District of Illinois.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, as this is a judicial district in which the sole defendant resides.

COMMON ALLEGATIONS

**<u>Facebook's Famous Trademarks</u>**

6.      Since its online networking service was launched in February 2004, Facebook has continuously used the mark FACEBOOK in interstate commerce in the United States in connection with its goods and services.  The FACEBOOK mark is highly distinctive with regard to online social networking services, and Facebook users are accustomed to seeing and expect to see Facebook across the world wide web, not just on the Facebook site.

7.      Facebook owns multiple U.S. registrations for the mark FACEBOOK.  These registrations cover a wide variety of goods and services, including, but not limited to:

- Online networking services; online chat functions for transmission of messages, photographs, videos, and other user-defined content; and online forums;

- Hosting customized web pages featuring user-defined information and personal profiles;

- Online journals featuring user-defined content and electronic publishing services; and

- Software to enable uploading, tagging, and sharing of photographs, videos, and other user-defined content or information.

8.      True and correct copies of registrations for the FACEBOOK mark are attached hereto as Exhibit A, and are incorporated by reference as though fully set forth herein.

9.      In addition, Facebook has common law rights in the FACEBOOK mark and

marks that incorporate FACEBOOK in connection with various other goods and services, including as identified in pending U.S. trademark applications. True and correct copies of the U.S. Patent and Trademark Office online status pages for Facebook's pending trademark applications for its FACEBOOK and FACEBOOK-formative marks are attached hereto as Exhibit B, and are incorporated by reference as though fully set forth herein. All of Facebook's marks that consist of or incorporate the term FACEBOOK are referred to herein as the "FACEBOOK Marks."

10.     As a result of the nature and quality of Facebook's services, its widespread use of the FACEBOOK Marks, extensive and continuous media coverage, the high degree of consumer recognition of the FACEBOOK Marks, Facebook's enormous and loyal user base, its numerous trademark registrations and pending applications, and other factors, the FACEBOOK Marks are famous within the meaning of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

11.     Through this usage, Facebook has permeated the web and Facebook users are accustomed to seeing and expect to see Facebook across the world wide web, not just on the Facebook site. Facebook, and its FACEBOOK trademark, are famous.

**Defendant's Use of the TEACHBOOK Name and Mark**

12.     Defendant adopted and uses the name and mark TEACHBOOK in connection with a business and online website, accessible at http://www.teachbook.com, that offers online networking services for teachers. Defendant's TEACHBOOK mark (including as used in connection with the teachbook.com website) and the Teachbook.com domain name are referred to collectively herein as the "TEACHBOOK Mark."

13.     Defendant has touted on its website that TEACHBOOK is a substitute for

Facebook: "Many schools forbid their teachers to maintain Facebook and MySpace accounts because of the danger that students might learn personal information about their teachers. With Teachbook, you can manage your profile so that only other teachers and/or school administrators can see your personal information, blogs, posts, and so on. Teachbook is all about community, utility, and communication for teachers." Defendant uses the TEACHBOOK Mark in connection with offering and/or promoting the aforementioned online networking services. Attached as Exhibit C are true and correct copies of the home page and other pages from the Teachbook.com website as they appeared in December 2009 and as they appeared on August 16, 2010, and are hereby incorporated by reference as though set forth in full herein.

14. On March 16, 2009, Defendant applied on an intent-to-use basis to register the TEACHBOOK trademark with the United States Patent and Trademark Office in International Class 38 (providing on-line chat rooms and electronic bulletin boards for transmission of messages among registered users concerning educational careers, general interest, classifieds, virtual community, social networking, photo sharing, and transmission of photographic images; providing access to on-line computer databases and on-line searchable databases in the field of educational careers, general interest, classifieds, virtual community, social networking, photo sharing, and transmission of photographic images) and International Class 42 (design and development of computer hardware and software; computer services, namely, hosting on-line web facilities for others for organizing and conducting on-line meetings, gatherings, and interactive discussions; computer service in the nature of customized web pages featuring user-defined information, personal profiles and information). A true and correct copy of the U.S. Patent and Trademark Office online status page for this application is attached hereto as Exhibit D, and is hereby incorporated by reference as though set forth in full herein. Facebook has

opposed registration of this application.

15.     Defendant's TEACHBOOK Mark is substantially similar to the FACEBOOK Marks.

16.     The services offered under Defendant's Mark are the same as and/or related to some of the services provided by Facebook.

17.     Defendant's TEACHBOOK Mark also creates a false suggestion of an affiliation or connection between Defendant and Facebook, where none exists.

18.     On information and belief, Defendant adopted its TEACHBOOK Mark with the intention of causing confusion with, and trading on the goodwill of, the FACEBOOK Marks.

19.     Facebook began using its FACEBOOK mark at least as early as February 2004, and filed applications resulting in federal registrations, well prior to Defendant's use of the TEACHBOOK Mark.  The FACEBOOK Marks also acquired wide recognition in the general consuming public, and became famous, well prior to Defendant's use of the TEACHBOOK Mark.

**Procedural History**

20.     This case was originally filed in the United States District Court for the Northern District of California on August 18, 2010.

21.     Defendant Teachbook subsequently moved to dismiss the case for lack of personal jurisdiction in the Northern District of California and, in the alternative, to transfer venue to the Northern District of Illinois.

22.     On May 3, 2011 Judge Ronald Whyte dismissed Plaintiff's case for lack of personal jurisdiction.  Judge White stated, "Teachbook, somewhat implausibly, insists that it did not intend to trade on Facebook's mark, and that it selected the TEACHBOOK mark in 2009

5

because of the connection between teachers and books."   Judge Whyte went on to rule, "Facebook has made a prima facie showing that Teachbook committed an intentional act by selecting a confusingly similar trademark, and that the act caused harm that Teachbook knew was likely to be suffered in the Northern District of California.   Nonetheless, Facebook fails to satisfy the 'effects' test because it has not made a prima facie showing that Teachbook's conduct was 'expressly aimed' at the forum."

23.     Accordingly, Facebook brings the present action in this District, where Defendant has admitted to be resident.

### FIRST CAUSE OF ACTION
### (Federal Trademark Infringement)

24.     Facebook incorporates by reference paragraphs 1 through 23, inclusive, as if fully set forth herein.

25.     The TEACHBOOK Mark is highly similar to the registered FACEBOOK Marks in appearance, sound, meaning, and commercial impression.

26.     Defendant's services are the same as and/or related to some of Facebook's services.

27.     Both Facebook and Defendant offer their services through the same channel of trade, i.e., the internet.

28.     Facebook is informed and believes, and based thereon alleges, that Defendant adopted the TEACHBOOK Mark with knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off the fame of Facebook and the registered FACEBOOK Marks.

29.     Facebook has given notice of its registrations, applications, and claimed trademark rights pursuant to section 29 of the Lanham Act, 15 U.S.C. § 1111.   Defendant

continues to use the TEACHBOOK Mark despite Facebook's express objection thereto.

30.     Defendant's continued use of the TEACHBOOK Mark will injure Facebook by causing a likelihood that the public will be confused or mistaken into believing that the goods or services provided by Defendant are endorsed or sponsored by Facebook.

31.     Facebook has no control over the nature and quality of the goods or services offered by Defendant under Defendant's Mark, and Facebook's reputation and goodwill will be damaged and the value of Facebook's registered and common law marks jeopardized by Defendant's continued use of the TEACHBOOK name and mark.  Because of the likelihood of confusion between the parties' marks, any defects, objections, or faults found with Defendant's services marketed under the TEACHBOOK Mark would negatively reflect upon and injure the reputation that Facebook has established for the services it offers in connection with the registered FACEBOOK Marks.  As such, Defendant is liable to Facebook for infringement of a registered mark under 15 U.S.C. §1114.

32.     Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Facebook's marks, business, reputation, and goodwill. Facebook has no adequate remedy at law as monetary damages are inadequate to compensate Facebook for the injuries caused by Defendant.

33.     As a result of Defendant's infringement of Facebook's registered marks, Facebook has incurred damages in an amount to be proven at trial.

34.     Defendant's infringement of Facebook's registered marks is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Facebook's marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117.  Facebook is therefore entitled to recover three times the amount of its actual

damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## SECOND CAUSE OF ACTION
### (Federal Trademark Dilution)

35.     Facebook incorporates by reference paragraphs 1 through 23, inclusive, as if fully set forth herein.

36.     As a result of the enormous publicity afforded the FACEBOOK Marks, and the strong and loyal base of customers that enjoys Facebook's services, the FACEBOOK Marks have a high degree of consumer recognition, are widely recognized by the general consuming public of the United States as a designation of Facebook's services, and are famous.

37.     The FACEBOOK Marks became famous before Defendant adopted the TEACHBOOK Mark.

38.     Defendant's Mark incorporates a distinctive part of the FACEBOOK Marks, i.e., "book," and thus its use is likely to cause an association between Defendant's Mark and the FACEBOOK Marks that impairs the distinctiveness of the FACEBOOK Marks and weakens the connection in consumers' minds between the FACEBOOK Marks and Facebook's services. Defendant's use of the TEACHBOOK Mark is likely to cause dilution by blurring based on a number of relevant considerations, including:

(a)     Defendant's Mark is similar to the FACEBOOK Marks in that the Defendant's Mark combines the distinctive BOOK suffix of the FACEBOOK mark with a generic term for Defendant's target market;

(b)     The FACEBOOK Marks are inherently distinctive;

(c)     Facebook is engaging in substantially exclusive use of the FACEBOOK Marks in connection with social and professional networking services;

(d)     The FACEBOOK Marks are widely recognized by the general consuming

public; and

        (e)     Facebook is informed and believes, and based thereon alleges, that Defendant intends to create an association with the FACEBOOK Marks.

39.     Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Facebook's marks, business, reputation, and goodwill. Facebook has no adequate remedy at law as monetary damages are inadequate to compensate Facebook for the injuries caused by Defendant.

40.     As a result of Defendant's acts as alleged above, Facebook has incurred damages in an amount to be proven at trial.

41.     Defendant's wrongful use of the TEACHBOOK Mark is deliberate, willful, fraudulent, and without any extenuating circumstances, and constitutes a willful intent to trade on Facebook's reputation or to cause dilution of the famous FACEBOOK Marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Facebook is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

**THIRD CAUSE OF ACTION**
**(Federal False Designation of Origin)**

42.     Facebook incorporates by reference paragraphs 1 through 23, inclusive, as if fully set forth herein.

43.     In connection with Defendant's services, Defendant has used in commerce and without Facebook's authorization or consent the TEACHBOOK Mark, which is highly similar to the registered and common law FACEBOOK Marks.

44.     Such acts are likely to cause confusion and deception among the purchasing public and/or are likely to lead the consuming public to believe that Facebook has authorized,

9

approved or somehow sponsored Defendant's use of the TEACHBOOK Mark in connection with Defendant's services.

45.     The aforesaid wrongful acts of Defendant constitute the use of a false designation of origin and false description or representation, all in violation of 15 U.S.C. § 1125(a).

46.     Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Facebook's marks, business, reputation, and goodwill. Facebook has no adequate remedy at law as monetary damages are inadequate to compensate Facebook for the injuries caused by Defendant.

47.     As a result of Defendant's acts as alleged above, Facebook has incurred damages in an amount to be proven at trial.

48.     Defendant's wrongful use of the TEACHBOOK Mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Facebook's marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117.  Facebook is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

### FOURTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

49.     Facebook incorporates by reference paragraphs 1 through 23, inclusive, as if fully set forth herein.

50.     Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the TEACHBOOK Mark, infringe Facebook's exclusive trademark rights in the FACEBOOK Marks, in violation of the common law.

51.     Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Facebook's marks, business, reputation, and goodwill.

Facebook has no adequate remedy at law as monetary damages are inadequate to compensate Facebook for the injuries caused by Defendant.

52.     As a result of Defendant's acts as alleged above, Facebook has incurred damages in an amount to be proven at trial.

53.     Defendant's wrongful use of the TEACHBOOK Mark is deliberate, willful, and in reckless disregard of Facebook's trademark rights, entitling Facebook to the recovery of punitive damages.

### FIFTH CAUSE OF ACTION
### (Common Law Unfair Competition)

54.     Facebook incorporates by reference paragraphs 1 through 23, inclusive, as if fully set forth herein.

55.     Facebook is informed and believes, and based thereon alleges, that Defendant has engaged in and continues to engage in unfair competition by using the TEACHBOOK Mark, with the intention of interfering with and trading on the business reputation and goodwill engendered by Facebook through hard work and diligent effort.

56.     Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Facebook's marks, business, reputation, and goodwill. Facebook has no adequate remedy at law as monetary damages are inadequate to compensate Facebook for the injuries caused by Defendant.

57.     As a result of Defendant's acts as alleged above, Facebook has incurred damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### (Cybersquatting)

58.     Facebook incorporates by reference paragraphs 1 through 23, inclusive, as if fully

set forth herein.

59.      Facebook is informed and believes, and based thereon alleges, that Defendant acquired, and subsequently made use of, the TEACHBOOK.COM domain.  True and correct copies of the domain name registration records for TEACHBOOK.COM reflecting Defendant's ownership of the domain are attached hereto as Exhibit E, and are hereby incorporated by reference as though set forth in full herein.

60.      Facebook is informed and believes, and based thereon alleges, that Facebook began using the distinctive and famous FACEBOOK Marks years prior to Defendant's acquisition of the TEACHBOOK.COM domain name.  By the time Defendant acquired the TEACHBOOK.COM domain name, the FACEBOOK Marks were widely recognized as an indicator of source for Facebook's services, and were famous.

61.      Defendant's TEACHBOOK.COM domain name is confusingly similar and/or dilutive of the FACEBOOK Marks.

62.      Facebook is informed and believes, and based thereon alleges, that Defendant acquired and has used the TEACHBOOK.COM domain name with bad faith intent to profit from the FACEBOOK Marks.

63.      Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Facebook's marks, business, reputation, and goodwill. Facebook has no adequate remedy at law as monetary damages are inadequate to compensate Facebook for the injuries caused by Defendant.

64.      Facebook is entitled to cancellation of Defendant's TEACHBOOK.COM domain name registration or transfer of the domain name to Facebook, along with monetary compensation and statutory penalties pursuant to the Anti-Cybersquatting Consumer Protection

Case: 1:11-cv-03052 Document #: 1  Filed: 05/06/11 Page 13 of 16 PageID #:13


Act, 15 U.S.C. § 1125(d).

**SEVENTH CAUSE OF ACTION**
**(Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510, *et seq.*)**

65.     Facebook incorporates by reference paragraphs 1 through 23, inclusive, as if fully set forth herein.

66.     By the acts described herein, Defendant has engaged in unlawful and unfair business practices that have injured and will continue to injure Facebook in its business and property, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510, *et seq*.

67.     Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Facebook's marks, business, reputation, and goodwill. Facebook has no adequate remedy at law as monetary damages are inadequate to compensate Facebook for the injuries caused by Defendant.

68.     As a direct and proximate result of Defendant's conduct alleged herein, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

**EIGHTH CAUSE OF ACTION**
**(Trademark Dilution, Illinois Trademark and Registration Act, 765 ILCS §§ 1036, *et seq.*)**

69.     Facebook incorporates by reference paragraphs 1 through 23, inclusive, as if fully set forth herein.

70.     The FACEBOOK Marks are distinctive and famous within the meaning of section 65 of the Illinois Trademark and Registration Act, 765 ILCS § 1036/65.

71.     Defendant's use of the TEACHBOOK Mark began after the FACEBOOK Marks became famous.

72.     Defendant's continued use of the TEACHBOOK Mark is likely to cause injury to Facebook's business reputation and/or the dilution of the distinctive quality of Facebook's famous FACEBOOK Marks, in violation of the Illinois Trademark and Registration Act, 765 ILCS § 1036/65.

73.     Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Facebook's marks, business, reputation, and goodwill. Facebook has no adequate remedy at law as monetary damages are inadequate to compensate Facebook for the injuries caused by Defendant.

74.     Defendant's wrongful use of the TEACHBOOK Mark is deliberate, willful, and in reckless disregard of Facebook's trademark rights, entitling Facebook to the recovery of damages in an amount to be proved at trial, and treble damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Facebook prays:

A.     That this Court grant preliminary and permanent injunctive relief enjoining Defendant and all others acting in concert with and having knowledge thereof, from using the TEACHBOOK Mark, and any similar trade name or mark or variant thereof, or other "generic plus BOOK" mark, as a trade name, trademark, service mark, domain name, or for any other purpose;

B.     That this Court declare the TEACHBOOK trademark application void ab initio;

C.     That this Court order Defendant to account to Facebook any and all revenues and profits that Defendant has derived from its wrongful actions and to pay all damages which Facebook has sustained by reason of the acts complained of herein, and that such damages be trebled;

D.      That this Court award Facebook the costs of this action and reasonable attorneys' fees and expenses;

E.      That this Court award Facebook punitive damages;

F.      That this Court order the Registrar of the TEACHBOOK.com domain name to cancel or transfer the registrations to Facebook; and

G.      That this Court grant such other and further relief as it should deem just.


<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff Facebook, Inc. hereby demands a trial by jury on all issues for which a trial by jury may be had.

Respectfully submitted,

Dated: May 6, 2011

/s/ Michael J. Harris
Christopher J. Renk (IL Bar No. 6199012)
Michael J. Harris (IL Bar No. 6280168)
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Ste. 3000
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001
Email: crenk@bannerwitcoff.com
       mharris@bannerwitcoff.com

Michael G. Rhodes (*pro hac vice* pending)
COOLEY LLP
101 California Street,  5th Floor
San Francisco, CA  94111-5800
Phone: (415) 693-2000
Fax: (415) 693-2222
Email: rhodesmg@cooley.com

Anne H. Peck (*pro hac vice* pending)
Jeffrey T. Norberg (*pro hac vice* pending)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: peckah@cooley.com
       jnorberg@cooley.com

Attorneys for Plaintiff, Facebook, Inc.