UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TEACHBOOK.COM LLC,<br><br>    Defendant. | Civil Action No. 11-cv-03052<br><br>The Honorable Judge Marvin Aspen<br><br>Jury Trial Demanded |

**PLAINTIFF FACEBOOK INC.'S OPPOSITION TO DEFENDANT
TEACHBOOK.COM LLC'S MOTION TO STAY DISCOVERY**

**I.  INTRODUCTION**

Teachbook's motion to stay discovery should be denied for three reasons. First, Teachbook's motion to dismiss, upon which the motion to stay is based, asks the Court to examine hundreds of pages of material outside the pleadings and make factual findings directly contrary to Facebook's pleaded allegations. Teachbook's motion is thus a premature motion for summary judgment and presents none of the narrow legal issues that typically warrant a stay of discovery. Moreover, as a summary judgment motion, Teachbook's motion fails to address all of Facebook's claims, and presents factual positions that Judge Ronald Whyte of the Northern District of California has already called "somewhat implausible." Teachbook's motion to dismiss is therefore unlikely to dispose of this matter, and granting a stay will only further delay the resolution of this action.

Second, responding to discovery here presents no significant burden to Teachbook because, at the time the California case was dismissed, discovery had already been open for six

months, and Teachbook had notified Facebook that it had gathered and was prepared to produce thousands of pages of documents.

Finally, Teachbook's requests for a protective order and to phase discovery should be denied because Teachbook failed to meet and confer on these issues as required by Local Rule 37.2. Both parties agree that a protective order is necessary, and it is therefore unclear why Teachbook decided to bring this issue to the Court. And Teachbook has never raised the issue of phasing discovery, including during the parties' Rule 26(f) conference, nor has Teachbook moved to bifurcate issues in this case. Teachbook has presented no legal basis for requesting that this case be bifurcated, and Facebook should not be required to speculate as to what that basis might be. Teachbook's motion should be denied.

**II. BACKGROUND**

Plaintiff Facebook, Inc. ("Facebook") filed this action against Defendant Teachbook.com, LLC ("Teachbook") to put an end to Teachbook's use of the confusingly similar and dilutive TEACHBOOK trademark. As alleged in Facebook's complaint, Facebook operates the world's most popular social networking site under its famous FACEBOOK name and mark. D.I. 1, Complaint ¶¶6-11; 36-37. Defendant Teachbook uses the TEACHBOOK mark to provide similar social networking services to teachers. *Id*. ¶¶12-19. Indeed, on its website, Teachbook has touted itself as a substitute for Facebook: "Many schools forbid their teachers to maintain Facebook and MySpace accounts because of the danger that students might learn personal information about their teachers. With Teachbook, you can manage your profile so that only other teachers and/or school administrators can see your personal information, blogs, posts, and so on." *Id*. ¶13. Facebook's complaint alleges that the FACEBOOK mark is highly

distinctive when used in connection with Facebook's social networking services, and that Teachbook adopted its generic + BOOK trademark to intentionally confuse consumers and capitalize on the fame of the FACEBOOK mark. Complaint ¶¶12-18; 38.

As Teachbook notes in its motion, this is not the first litigation between the parties. Facebook initially filed its complaint against Teachbook in the Northern District of California in August of last year. After nearly six months of discovery, Judge Ronald Whyte dismissed Facebook's complaint for lack of personal jurisdiction. Yet in his order granting dismissal, Judge Whyte noted that "Facebook has made a prima facie showing that Teachbook committed an intentional act by selecting a confusingly similar trademark, and that the act caused harm that Teachbook knew was likely to be suffered in the Northern District of California." Declaration of Jeffrey T. Norberg in Support of Facebook's Opposition to Motion to Stay Discovery ("Norberg Decl."), Ex. A..

Facebook subsequently refiled its action in this Court, and Teachbook has moved to dismiss under Rule 12(b)(6). Teachbook's motion to dismiss, however, is not limited to the pleadings as required by the Federal Rules. Instead, it relies on a 349-page attorney declaration to argue that Facebook cannot prove its allegations. D.I. 22-1-D.I.22-6, Declaration of Michael Rodenbaugh in Support of Defendant Teachbook's Motion to Dismiss ("Rodenbaugh Decl.").

Teachbook subsequently filed the instant motion, asking this Court to stay discovery pending the outcome of its motion to dismiss. Because the motion to dismiss is unlikely to succeed, a stay of discovery will do nothing but delay the resolution of this action. Facebook therefore opposes Teachbook's requested stay.

### III. ARGUMENT

Teachbook's motion to stay discovery should be denied because the motion to dismiss upon which it is based presents numerous disputed factual issues and will not dispose of this case. As this Court has previously observed: "this Court rarely suspends discovery pending a 'motion to dismiss.' Most such motions are eventually denied. In the rare case where we do stay discovery pending a ruling on a potentially dispositive legal issue, we do so only when we are satisfied that the moving party is likely to prevail." *U.S. v. Bd. of Educ. of the City of Chicago*, 636 F.Supp. 1046, 1047 (N.D. Ill. 1986). Judge Nolan recently confirmed this rule, noting "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Tamburo v. Dworkin*, No. 04-C-3317, 2010 WL 4867346 at *2 (N.D. Ill. Nov. 17, 2010).

The cases cited by Teachbook in its motion further confirm that a stay of discovery during a pending motion to dismiss is the exception and not the rule. These cases stand for the proposition that a stay is appropriate where the parallel motion to dismiss presents a purely legal issue that may resolve the entire case on the pleadings. For example, in *Sprague v. Brook*, the District Court stayed discovery where a motion to dismiss presented a potentially dispositive legal question of whether the Court had jurisdiction over the dispute. *Sprague v. Brook.*, 149 F.R.D. 575 (N.D. Ill. 1993). And, in the *Chicago Board Options* case, the Court stayed discovery where a motion to dismiss presented a question of contractual interpretation that could end the case. *Chicago Bd. Options Exch., Inc. v. Conn. Gen. Life Ins. Co.*, 95 F.R.D. 524 (N.D.

Ill. 1982). Teachbook's motion to dismiss presents no similar discrete legal issue and, in fact, presents numerous factual issues that will require discovery.

### A. Teachbook's 12(b)(6) Motion will not Resolve this Case

Though styled as a Rule 12(b)(6) motion, Teachbook's motion to dismiss improperly relies on 349 pages of materials not contained in the pleadings. *See* Rodenbaugh Decl. These materials, which consist of numerous unauthenticated pages of printouts from the parties' and third-parties' websites, were submitted by Teachbook to argue against the factual allegations contained in Facebook's complaint. Of course, in deciding a motion under Rule 12(b)(6), the Court considers only whether the complaint includes facts sufficient to support each cause of action, and does not weigh the evidence underlying those allegations. *See Papa John's Int'l, Inc. v. Rezko*, 446 F.Supp.2d 801, 804 (N.D. Ill. 2006); *see also Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1118 (7th Cir. 1995) ("The issue [in a Rule 12(b)(6) motion] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). Teachbook's motion to dismiss therefore must be considered, if at all, as a motion for summary judgment and not as a motion under Rule 12(b)(6), in which case discovery must proceed. *Covington v. Illinois Sec. Serv., Inc.*, 269 F.3d 863, 864-65 (7th Cir. 2001) ("where [defendant's] affidavit creates a material factual dispute . . . the district court should permit the parties to engage in discovery before converting (for all intents and purposes) a motion to dismiss into one for summary judgment.").

Even as a motion for summary judgment, Teachbook's motion will not dispose of this case. Initially, Teachbook's motion ignores Facebook's claim of dilution, and instead claims only that there can be no likelihood of confusion between the FACEBOOK and TEACHBOOK

trademarks. Even if Teachbook's motion could dispose of Facebook's likelihood of confusion claim, Facebook's dilution claim would remain. A stay of discovery would therefore serve no purpose other than to delay resolution of this case.

Teachbook's motion regarding Facebook's likelihood of confusion claim is also unlikely to succeed. Likelihood of confusion is a "question of fact that may be resolved on summary judgment only 'if the evidence is so one-sided that there can be no doubt about how the question should be answered.'" *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008) (reversing trial court's entry of summary judgment of no likelihood of confusion between AUTOZONE and WASH ZONE / OIL ZONE) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001)). As presented in Facebook's opposition, and as Judge Whyte of the Northern District of California has *already* noted: "'Facebook has made a prima facie showing that Teachbook committed an intentional act by selecting a confusingly similar trademark, and that the act caused harm that Teachbook knew was likely to be suffered in the Northern District of California.'" Norberg Decl., Ex. A. That is all that can be required of Facebook at this stage, and it is impossible for the Court to weigh any evidence in this case before the parties have produced it via discovery.

### B. Discovery Would not Impose any Undue Burden on Teachbook, and Would Further Damage Facebook by Delaying this Case

As discussed above, discovery was open for six months before the proceedings ended in California. Indeed, during the case management conference in California, Teachbook sought a stay of discovery pending the outcome of its motion, but the Court denied that request. As a result, Teachbook has already responded to interrogatories propounded by Facebook and was in the process of producing what it represented were more than 2000 pages of documents when the

case was dismissed. Norberg Decl. Ex. B. Since these documents have already been gathered and processed for production, producing them now presents no harm to Teachbook.

By contrast, Teachbook's use of an infringing and dilutive mark creates a presumption of irreparable harm. *Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000) ("Irreparable harm is generally presumed in cases of trademark infringement and dilution."). Staying discovery would only further delay this case and add to this ongoing irreparable harm.

### C. Teachbook's Alternative Motion for Protective Order and to Bifurcate Discovery Should be Denied for Failure to Meet and Confer

Teachbook's remaining requests – that this Court enter a protective order and bifurcate discovery – should be denied because Teachbook has failed to meet and confer as required by the Local Rules. Local Rule 37.2 requires a statement in every discovery related motion "that after consultation in person or by telephone and good faith attempts to resolve differences [the parties] are unable to reach an accord[]." Teachbook's motion bypasses this requirement with respect to its motion for a protective order and to phase discovery, and on that basis, should be denied.

Teachbook's motion for protective order is also premature. As Teachbook notes in its motion, the parties have already agreed that a protective order is necessary. And Facebook has already provided an initial draft protective order for Teachbook's consideration. Norberg Declaration ¶5 & Ex.C. Teachbook, in contrast, has not provided any proposed order. The parties should be allowed to attempt to resolve this issue informally before asking the Court to draft a protective order on its own.

Finally, Teachbook's request to limit discovery to genericness is something that Teachbook never proposed to Facebook before filing this motion, and should therefore be denied for failure to comply with LR 37.2. Else, Teachbook's request should be denied as lacking

merit. Teachbook's sole basis for requesting phased discovery is based on a statement in its brief that it at some unspecified time in the future "intends to seek bifurcation of this matter, and/or early Summary Judgment on this issue[]." D.I. 26-1, Motion at 2. Teachbook has not yet made any motion to bifurcate, nor has it discussed the matter with Facebook. Indeed, during the June 14 Rule 26(f) call, Teachbook failed to mention that it intended to seek bifurcation of any issues. Norberg Decl. ¶4. Facebook is likely to oppose any such motion, as Teachbook has to date failed to articulate any theory that the mark FACEBOOK, considered as a whole, is generic for the any of the goods and services with which Facebook uses its mark, including Facebook's social networking services. Teachbook has not filed any motion to bifurcate issues, and Facebook should not be required to speculate as to the legal basis for any such motion. Teachbook's request to bifurcate discovery should therefore be denied.

### IV. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that this Court deny Teachbook's motion to stay discovery.

Dated: July14, 2011

/s/ Jeffrey T. Norberg

Christopher J. Renk (IL Bar No. 6199012)
Michael J. Harris (IL Bar No. 6280168)
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Ste. 3000
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001
Email: crenk@bannerwitcoff.com
      mharris@bannerwitcoff.com

Michael G. Rhodes (admitted *pro hac vice*)
Anne H. Peck (admitted *pro hac vice*)
Jeffrey T. Norberg (admitted *pro hac vice*)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Phone: (415) 693-2000
Fax: (415) 693-2222
Email: rhodesmg@cooley.com
      apeck@cooley.com
      jnorberg@cooley.com
Attorneys for Plaintiff, Facebook, Inc.

## **CERTIFICATE OF SERVICE**

  I, Jeffrey T. Norberg, an attorney, hereby certify that I served true and correct copies of Facebook's Opposition to Teachbook's Motion to Stay Discovery and Declaration of Jeffrey T. Norberg in Support thereof upon opposing counsel by electronically filing same with the Pacer/ECF system on this 14th day of July, 2011.

                        /s/ *Jeffrey T. Norberg*